**SO ORDERED.**

**SIGNED this 29 day of July, 2011.**



*Dale L. Somers*
Dale L. Somers
**UNITED STATES BANKRUPTCY JUDGE**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re:<br><br>**BRENDA KAY WEST-ANDERSON,**<br><br>　　　　　DEBTOR. | CASE NO. 11-20327<br>CHAPTER 7 |
| **BRENDA KAY WEST-ANDERSON,**<br><br>　　　　　PLAINTIFF,<br><br>v.<br><br>**DLJ MORTGAGE CAPITAL, INC,**<br>**HOME SERVICING, LLC,**<br>**DAVID R. CABALLERO,**<br>**GEORGE CABALERRO,**<br>**McNEARNEY & ASSOCIATES, LLC, REALTY EXECUTIVES (of Kansas City),**<br>**DAVID L. HIATT,**<br>**STEPHEN EDWARD SUMMERS, UNIFIED GOVERNMENT OF WYCP/KCKS,**<br>**JOSEPH REARDON, as Mayor of Kansas City, Kansas,**<br>**DON ASH, as Sheriff of Wyandotte County, Kansas;**<br>**RICK ARMSTRONG, as Chief of Police of Kansas City, Kansas, and CHRISTOPHER J. REDMOND, as Chapter 7 Trustee.**<br><br>　　　　　DEFENDANTS. | ADV. NO. 11-06153 |

## MEMORANDUM OPINION AND ORDER GRANTING MOTIONS TO DISMISS

This adversary proceeding is brought pro se by Debtor Brenda Kay West-Anderson against thirteen defendants alleging violation of the automatic stay, seeking reversal of a prepetition state court foreclosure judgment, and seeking damages for illegal foreclosure and foreclosure eviction. Twelve of the defendants are entities, individuals, and government officials involved in the foreclosure of a mortgage on Debtor's homestead; the additional defendant is the Chapter 7 Trustee. All defendants have moved to dismiss pursuant to Bankruptcy Rule 7012(b), which incorporates Federal Rule of Civil Procedure 12(b)(6), providing for dismissal for failure to state a claim upon which relief may be granted. The Court has jurisdiction[1] and finds the motions should be granted.

This case arises out of the prepetition filing of a foreclosure petition by defendant DLJ Mortgage Capital, Inc. in the District Court of Wyandotte County, Kansas on August 13, 2009, to foreclose a mortgage on Debtor's homestead. Debtor was served with summons and entered an appearance. Judgment of foreclosure was entered on February 16, 2010, the sale was held, the sale was confirmed, and a deed was issued on July 13, 2010. On September 13, 2010, the Sheriff of Wyandotte County performed a legal

---

[1] This Court has jurisdiction over the parties and the subject matter pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and (b), and the Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective July 10, 1984. Furthermore, this Court may hear and finally adjudicate this matter because it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). There is no objection to venue or jurisdiction over the parties.

eviction. A court order was obtained to dispose of personal property. On February 14, 2011, Debtor filed for relief under Chapter 7. Although there are allegations of violation of 11 U.S.C. § 362, all of the factual allegations relate to events which occurred prior to Debtor's filing of her voluntary petition on February 14, 2011.

All defendants, except the Chapter 7 Trustee, move to dismiss the Complaint based upon the *Rooker-Feldman* Doctrine. That doctrine precludes this Court from entertaining "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] . . . court proceedings commenced and inviting [federal] . . . court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). There is no doubt that this case falls within that prohibition. The Complaint seeks reversal of the state court foreclosure judgment and recovery of damages for loss of homestead, income, and personal property due to the allegedly illegal foreclosure and eviction. In other words, Debtor is seeking review in this Court of the propriety of the foreclosure and related proceedings in the state court and recovery of damages allegedly caused by those acts. Accordingly, the Court cannot hear Debtor's case. The motions to dismiss the twelve defendants other than the Trustee are therefore granted based upon the *Rooker-Feldman* doctrine.

Defendants Unified Government of Wyandotte/Kansas City, Kansas, Mayor Joseph Reardon, Police Chief Rick Armstrong, and Sheriff Don Ash also move to dismiss based upon immunity under the Kansas Tort Claims Act, K.S.A. 75-6101, et. seq. and K.S.A. 12-105b, establishing mandatory procedures prior to institution of litigation

against a county, municipality, school board, or one of its sub agencies. The Court finds these arguments correct and as to these defendants also grant the motions to dismiss on these grounds, as applicable to said defendants.

Trustee Redmond has moved to dismiss because Plaintiff has not complied with the pleading standard enunciated in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 U.S. 1937 (2009). This standard requires more that an unadorned allegation that the defendant caused harm to the plaintiff. But that is exactly what is alleged here against the Trustee. Plaintiff alleges that as Chapter 7 Trustee Redmond "has a duty to protect the interests of the unsecured creditors, and to seek out all non-exempt 'Assets Of The Bankruptcy Estate.'" Yet, there are no factual allegations as to any events which occurred after the bankruptcy case was filed. The Complaint does not state a claim upon which relief may be granted against Christopher J. Redmond, in his capacity as Chapter 7 Trustee.

A judgment based upon this ruling will be entered on a separate document as required by Federal Rule of Bankruptcy Procedure 7058 which makes Federal Rule of Civil Procedure 58 applicable to this proceeding.

**IT IS SO ORDERED.**

###